**FUSCO v GIALDINI et**

Ohio Appeals, 7th Dist, Mahoning Co

Decided May 16, 1935

Hollis Grosshans, Youngstown, and Thomas E. Antonelli, Youngstown, for plaintiff in error.

David Shearer, Youngstown, and M. A. Del Bene, Youngstown, for defendants in error.

## OPINION

By ROBERTS, J.

This is an error case in this court, the parties occupying the same position in the trial as in the Court of Common Pleas, and will be alluded to in like manner. This cause was commenced in the Court of Common Pleas by the filing of a petition by the plaintiff, the first cause of action of which was in the short form for an action upon a promissory note, and alleged that the defendants, on the 1st day of October, 1929, executed and delivered to the plaintiff their promissory note of that date with warrant of attorney annexed, and that there is due the plaintiff on said note the sum of $6100.00, with interest at six per cent from the 1st day of July, 1933, for which the plaintiff prayed judgment. This first cause of action was duly verified and then followed a second cause of action, also verified, in which the plaintiff alleged that the defendant, James J. Gialdini, on the 3rd day of June, 1929, executed and delivered to her his promissory note of that date, and that there is due and unpaid thereon the sum of $3492.73, for which she

prays judgment. The first note was a cognovit note. The note set up in the second cause of action was not a cognovit note but a simple promissory note. In accordance with the general practice, some one came in and filed an answer, confessing judgment on the first promissory note. Later, upon motion, the judgment entered upon the confession of the first note was set aside and the defendants were permitted to answer. No service upon the defendants was required upon this note. No service was made upon the defendants in the second note, and for that reason the second cause of action was subsequently dismissed. This action, therefore, proceeded upon the first cognovit note. The defendants filed a first amended answer in this case, in which they admitted that on or about the 1st day of July, 1929, they executed and delivered to the plaintiff a certain paper writing purporting to be a promissory note of that date, for the sum of $5,000, with interest at six per cent, but deny each and every allegation in said petition contained except that which is herein specifically admitted to be true. Then followed four separate defenses, the first being that there was no good or valid consideration for the execution of said promissory note. The second was to the effect that during the course of several years, transactions had between the parties in reference to their respective indebtedness to each other involved in various matters of personalty and real estate and that defendants are not indebted to said plaintiff in any amount, and that the defendants have paid to the plaintiff all moneys claimed due and owing to her, and that the plaintiff agreed to destroy said promissory note. The third defense is, in substance that in consideration of the defendants executing to plaintiff defendants' undivided one-half interest in Niles city lot No. 21 that the same constituted a full and complete release of all indebtedness between the parties hereto and released defendants from all indebtedness, if any, owing or claimed to be owing by defendants to the plaintiff. The fourth defense alleges that in 1933 the defendants executed and delivered to the plaintiff by warranty deed all their right, title and interest to and in Niles city lot No. 21, and that in consideration thereof the plaintiff was to return to the defendants, or destroy, all papers of all kinds that would in any way show any indebtedness between the parties hereto specifically relating to said note. No reply seems to have been filed to this answer. However, the issue was submitted and tried

in the Common Pleas Court upon the theory that these answers of the defendants were denied. As a matter of fact, it is conceded and admitted in the testimony that the defendants did execute and deliver to the plaintiff the cognovit promissory note for $5,000 hereinbefore mentioned; that the defendant, James J. Gialdini received at that time, in consideration thereof, the sum of $5,000 from the plaintiff.

Before the cause was submitted to the jury, the record relates a conference between counsel and the court in the judge's chamber, and a statement by the court on returning therefrom to the court room, in effect, that an agreement had been made and the case was to be so considered that the execution and delivery of said note and the receipt of the $5,000 was not denied by the defendants, and that the only issue is the case to be submitted to the jury was whether or not the note had been subsequently paid. While this would seem to be a simple defense, the nature of the contention of the defendants was such as to involve the introduction of a very considerable amount of testimony upon the divers transactions between the parties, particularly relating to the settlement of the estate of G. A. Gialdini, the father of the plaintiff, Laura Fusco, and of James J. Gialdini, defendant.

It seems necessary for a proper understanding that something be now said in reference to these matters. G. A. Gialdini, a resident of Girard, had been for many years actively engaged in the contracting business, and had accumulated a considerable fortune, presumably between two and three hundred thousand dollars. In 1913 he executed his will. It will not be necessary to go fully into the details as to the contents of this will, but it provided that a considerable amount of property should go to his wife during her life time. She, however, did not survive her husband and the husband subsequently remarried and died, leaving the second wife and three children of the second marriage surviving him. The will, among other things, provided that the defendant, James J. Gialdini, should have certain real estate located upon East Front Street and on South Champion Street in the city of Youngstown; that he should have ten thousand dollars in cash and certain stocks and his contracting equipment. He devised to the plaintiff his real estate located on North Hazel Street in the city of Youngstown, and certain stocks after making other bequests not necessary now to mention. He made the son, James J. Gialdini, and the daughter,

Laura M. Fusco, parties hereto, residuary legatees of all of the remainder of his estate, and appointed his said son executor of his said will.

The testator owned a one-third interest in what is known as lot No. 21, or the Butler Building, in the city of Niles, Ohio, which had been erected by him and his two co-owners, in equal proportions, and which cost about $200,000.00. The will, having been written before the death of his first wife, made no provision for the second wife and her children, and as against them was of no avail. In order to settle the estate and comply as fully as possible with the provisions of the will the scheme was devised of bringing actions in partition of the real estate owned by the testator, which proceeded to the issuing of an order of sale, and under the terms of the statute James J. Gialdini took the Front and Champion Street property at its appraised value, and the plaintiff in like manner accepted the Hazel Street property. This was done, as stated in the evidence, to avoid competition in buying at a sale and thus presumably acquire the property at a less price than otherwise. The record does not disclose how this matter was carried out with relation to the minor children and the surviving widow. Some arrangement presumably was made or some proceedings had whereby the value of the interest of the widow and minor children was determined, and then an agreement was entered into between the parties hereto by which each raised specified sums of money upon the property so acquired, with which to pay the amount which had been determined to be the share of the widow and minor children. The evidence of the defendant with relation to the matter as to how he claims the indebtedness to the plaintiff was liquidated is somewhat vague. It is evident, however, that one of his claims is that in the settlement of his father's estate, in which he acted as executor, the bequest of ten thousand dollars to him was never paid or taken out of the estate, and that the plaintiff, recognizing this fact, promised that she would in effect personally and out of her estate, make good this matter to him. If this contention be true, it is somewhat singular that he gave her a promissory note for the $5,000 borrowed and for the $3,000 borrowed. He paid interest upon the $5,000 for some considerable time, and then failed to further pay. It is doubtful if a consideration is shown for this promise, if made.

It is claimed by Gialdini that at the request of Mrs. Fusco, the plaintiff, the mat-

ter of her promise to help pay out on the $10,000 legacy was kept a secret from her husband, and that to preserve this secret he paid the interest on the note, and nothing was ever said to the husband about this alleged promise. Subsequently another deal was entered into between the parties, whereby the plaintiff purchased of the defendant his one-sixth interest in the Butler Building property at Niles, and it is claimed by Gialdini that at this time the plaintiff promised that upon the entering into of this transaction and the making of this conveyance she would recognize her promise to take care of Gialdini in the $10,000 matter, and that this would result in a liquidation of the note sued on, which promise the defendant claims the plaintiff afterwards refused to make good.

It is worthy of mention in determining the weight of the testimony in this case that the defendant, as the executor of his father's estate, administered the estate without evidently giving regard to this $10,000 bequest to him, and settled the estate without making any settlement or final determination of the matter, to the extent that the plaintiff may have been interested therein. The defendant Gialdini is corroborated somewhat by his wife, who testified, commencing on page 81 of the record, to the effect, without attempting to repeat, that her husband said to the plaintiff, "Why don't you destroy all of these notes you have against me and sign this deed, and I will see about Phillip (her husband) myself, and I will destroy these notes." The plaintiff testifies positively and emphatically to the effect that she never agreed to or obligated herself in any way to contribute any sum whatever by reason of this $10,000 bequest; that there was never any undertaking or arrangement by which the note was to be cancelled or the claim for recovery thereon in any way relinquished. Her husband collected the interest on the note to the extent that it was paid and knew of no arrangement otherwise than that it was a straight unconditional loan. It is related in the evidence that the plaintiff, a few months after acquiring the Hazel Street property, made a sale of it for about $80,000, thereby doubling the price at which she took the property in the partition case. It is indicated that the defendant Gialdini thought that by reason of the plaintiff's good fortune, that she ought to do something for him in connection with the $10,000 bequest provided for in the will. What effect this should have upon the weight of the evidence is problematical.

On the other hand, it possibly would make the plaintiff feel more generous that she had been able to secure so large a price and feel more generous toward her brother.

The defendant having admitted the giving of the note and the receiving of the consideration therefor, the burden rests upon the defendant to prove payment or cancellation of the note by a preponderance of the evidence. The verdict in the Court of Common Pleas was in favor of the defendant, and this proceeding has been prosecuted by the plaintiff. After a careful consideration of the evidence in this case, the conclusion has been reached that the verdict in the lower court, considering that the burden was upon the defendant to establish non liability by a preponderance of the evidence, and the jury having found in favor of the defendant, that the verdict was against the manifest weight of the evidence. It is difficult to understand why the defendant, who is a man quite extensively engaged in the contracting business, and of much business experience, if his contention in this case be true, should have given his note, when, as he claims, he was not expected to pay.

It has been claimed by the plaintiff in error that the court erred in permitting the defendants to contradict the terms of a written instrument, namely, the note, by parol evidence. Whatever the rule might be in that respect became immaterial when the plaintiff, who need only to have introduced her note, called Gialdini, the defendant, for cross examination, and exhaustively inquired concerning practically all of the matters which have herein been related, and also thereby made permissible further testimony by the defendant upon the same proposition, so that no prejudicial error occurred in this respect.

Counsel for the plaintiff complained of the instructions to the jury, in that no reference was made to certain matters. We think there was no prejudicial error in this regard. If counsel for plaintiff had desired instructions upon the proposition mentioned in his objection, he should have made a request therefor. The result follows that the judgment of the Court of Common Pleas is reversed upon the weight of the evidence.

Judgment reversed.

CARTER and NICHOLS, JJ, concur.